# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

**V.**

**THOMAS SMITH, III**

## CRIMINAL COMPLAINT

CASE NUMBER: 1:17-mj-0211

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about March 16, 2017, in Marion County, in the Southern District of Indiana, the defendant Thomas Smith, III, did commit the offense Possession of a Firearm by a Prohibited Person, in violation of Title 18, United States Code, Section 922(g)(1); and

Also on or about March 16, 2017, in Marion County, in the Southern District of Indiana, the defendant Thomas Smith, III, did commit the offense Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 841(a) and (b)(1)(C).

I further state that I am a Special Agent, and that this complaint is based on the facts contained in the attached Affidavit.

**Continued on the attached sheet and made a part hereof.**

Celia A. Wright

Celia A. Wright, ATF Special Agent

**Sworn to before me, and subscribed in my presence**

4/3/17 at Indianapolis, Indiana

**Date**

Debra McVicker Lynch, U.S. Magistrate Judge

**Name and Title of Judicial Officer**

**Signature of Judicial Officer**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

**AFFIDAVIT IN SUPPORT OF**
**CRIMINAL COMPLAINT**

Your affiant, Special Agent Celia A. Wright, being first duly sworn, hereby deposes and states as follows:

## Introduction and Agent Background

1. I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or facts of which I am aware of relating to this investigation.

2. Your affiant is currently a criminal investigator with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been employed as such for approximately two (2) years. Your affiant has been involved in numerous firearm and narcotics investigations and has been the affiant on numerous federal search warrants and federal criminal complaints. Your affiant has had training at Federal Law

Enforcement Training Center (FLETC) in the Criminal Investigator Training Program and ATF Special Agent Basic Training. Your affiant has 3 years of experience as a math teacher and obtained a bachelor's degree in mathematics and master's degree in administration and leadership.

3. This affidavit is presented in support of a criminal complaint charging Thomas Smith, III – a black male with a date of birth of XX/XX/1983 – with Possession of a Firearm by a Prohibited Person in violation of Title 18, United States Code, Section 922(g)(1) and with Possession with Intent to Distribute Cocaine in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## **Facts of Investigation**

4. ATF is conducting a criminal investigation concerning Thomas Smith, III (Smith) having committed state and federal offenses involving firearms and controlled substances. On March 27, 2016, SA Wright reviewed Indianapolis Metropolitan Police Department (IMPD) Report No. PD17029253 regarding a state search warrant obtained and executed by IMPD on March 16, 2017, at 64 1/2 South Bellevue Place. The following is a brief summary of the events based upon SA Wright's review of the IMPD reports and conversations with the officers involved.

5. On March 16, 2017, at approximately 4:30 pm, several IMPD detectives with the Northwest District Narcotics Unit executed a search warrant at 64 1/2 South

Bellevue Place in Indianapolis, Indiana with the assistance of the IMPD SWAT Team. That residence is within the Southern District of Indiana. During the search, Smith was located in the back bedroom of the apartment, completely naked, underneath the mattress.

6. Detectives located two firearms and several items consistent with the distribution of cocaine in the apartment during the search. In the bedroom where Smith had been located, detectives found a loaded Omni 5.56-millimeter / .223-caliber rifle and a JC Higgins 12-gauge bolt-action shotgun. Two panels of a body-armor vest and a black digital scale were located in the closet. In one kitchen cabinet, they located approximately $1,297 in United States currency in various denominations. Two black digital scales and a quantity of suspected cocaine were located in another cabinet. Additional suspected cocaine was located in a pair of jeans on the floor and on a child's "Paw Patrol" table, where there was also a debit card in Smith's name with apparent cocaine residue on it. The Paw Patrol table and the suspected cocaine on it were in plain sight in the kitchen area of the apartment, such that any person present would see the powder on the table.

7. Detective Lowe read Smith his *Miranda* rights, which Smith said he understood. Smith said he was willing to answer questions for police and advised that, although he resided at the apartment, Delilah Booker (the mother of Smith's child) was on the apartment's lease. Detective Lowe told Smith that a large amount of cocaine,

in addition to at least one firearm, had been recovered from inside the apartment. At that time, Smith declined to speak further with Detective Lowe.

8. Delilah Booker – a black female with a date of birth XX/XX/1992 – was not present when the search began, but she arrived while detectives were still present. Detective Lowe read Booker her *Miranda* rights, and she said she understood her rights. She told Detective Lowe she had last been in the apartment the day before (March 15, 2017). Booker also told Detective Lowe she did not know there was cocaine inside the apartment, but she did know there were firearms present, though she claimed she did not know to whom the firearms belonged. Booker said that she was unemployed and that, to her knowledge, Smith fixes and sells cars for his income.

9. Smith and Booker were placed under arrest by IMPD officers for state crimes, including Dealing in Cocaine or Narcotic Drug. While being taken to the transport vehicle, Smith stated (without being questioned by an officer), "I am not a bad guy, I just chose the wrong profession." Booker and Smith were transported from the scene to the Arrestee Processing Center.

10. The suspected cocaine was taken to the Indianapolis – Marion County Forensic Services Agency for laboratory analysis. A report issued March 21, 2017, indicated that the white powder seized from Booker and Smith's apartment contained cocaine. The total mass of the cocaine mixture was approximately 124 grams. In your

affiant's training and experience, that amount of cocaine is consistent only with an intent to distribute the cocaine, rather than with a personal consumption amount.

11. On March 28, 2017, your affiant reviewed Smith's available criminal history records, and it appears Smith has sustained the following convictions punishable by more than a year in prison:

a. Possession with Intent to Distribute Fifty Grams or More of Cocaine Base in Northern District of Indiana case number 2:03-59-RL-APR-5 on or about June 23, 2004; and

b. Dealing Methamphetamine and Possession of a Firearm by a Serious Violent Felon in Marion County (Indiana) case number 49G03-0804-FA-076703 on or about March 26, 2009.

12. On March 29, 2017, your affiant contacted ATF Interstate Nexus Expert Special Agent Eric Jensen regarding the Omni 5.56-millimeter rifle and JC Higgins 12-gauge shotgun that were seized during the search warrant at 64 ½ South Bellevue Place. SA Jensen advised, based upon the verbal and written descriptions provided, without physically examining the firearms, that the rifle and shotgun were both firearms as defined under Title 18, United States Code, Section 921(a)(3) and were both manufactured outside of the state of Indiana after 1898. Accordingly, the firearms necessarily had traveled in or otherwise affected interstate commerce.

## Conclusion

13. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that on March 16, 2017, Thomas Smith, III committed the offenses of Possession of a Firearm by a Prohibited Person in violation of Title 18, United States Code, Section 922(g)(1) and Possession with Intent to Distribute Cocaine in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C). I therefore request the Court issue a warrant for the arrest of Thomas Smith, III based upon the Criminal Complaint presented with this affidavit.

Celia A. Wright

Special Agent Celia A. Wright
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me this 3rd day of April, 2017.

Debra McVicker Lynch, Magistrate Judge
United States District Court
Southern District of Indiana